Appellant Anthony L. Kilbarger appeals a judgment of the Lancaster Municipal Court convicting him of driving while intoxicated (R.C. 4511.19)(A)(1)), and driving under suspension (R.C. 4507.02 (D)(1)):
ASSIGNMENTS OF ERROR
 I. THE STATE OF OHIO FAILED TO PROVIDE THE EXPERT TESTIMONY REQUIRED BY NEWARK V. LUCAS, 40 OHIO ST. 3D 100 (1988), AND IT WAS, THEREFORE, ERROR FOR THE TRIAL COURT TO ADMIT THE BREATH ALCOHOL TEST IN EVIDENCE.
 II. IMPOSITION OF DEFENDANT-APPELLANT'S SENTENCE IN THIS CASE VIOLATES THE DOUBLE JEOPARDY CLAUSES OF BOTH THE OHIO AND UNITED STATES CONSTITUTIONS.
On May 30, 1997, appellant was involved in a single car accident when his pickup truck went off the right side of the roadway on U.S. Route 33. The truck struck an embankment, and suffered heavy damage. From observation of appellant and the administration of field sobriety tests, the State Trooper investigating the accident determined that appellant was impaired by alcohol. A check of the Bureau of Motor Vehicle's record revealed that appellant's license had been suspended from June 13, 1995, through June 5, 2004.[1] Appellant was taken to the State Highway Patrol Post, where he was administered a breath alcohol test. The test revealed .191 grams of alcohol by weight per 210 liters of his breath. Appellant was then charged with driving under the influence of alcohol, driving with a prohibited breath alcohol content, driving under suspension, and failure to control. Additionally, he was placed under an administrative license suspension for testing over the prohibited level.
Appellant appealed the ALS suspension. He also filed a motion to suppress the results of the breath test. He later amended the motion to suppress to include an allegation that the breath test was administered more than two hours after the accident.
A suppression hearing was scheduled August 28, 1997. While the parties represent to this court that the ALS appeal was heard at the same time, no transcript of this hearing was requested or prepared. Subsequent to the hearing date, the court filed an entry finding that the State did not establish that the breath test was obtained within two hours of the accident. The court dismissed the charge of driving with a prohibited breath alcohol content pursuant to R.C. 4511.19
(A)(3). The court did not rule on the ALS.
After many continuances, the trial commenced on March 31, 1998. The charge of driving under the influence of alcohol was tried to the jury. The charge of driving under suspension was tried to the court. At trial, the State used evidence of appellant's breath test results by way of expert testimony, pursuant to Newark v. Lucas (1988), 40 Ohio St.3d 100.
Following trial, appellant was convicted on both charges. On the conviction for driving under the influence of alcohol, he was fined $1000, and sentenced to one year incarceration. Further, his driver's license was suspended for ten years, from May 30, 1997 to May 30, 2007, as this was his third DUI offense in six years. Thirty days of the incarceration was suspended on condition of good behavior and total sobriety. On the charge of driving under suspension, appellant was sentenced to thirty days incarceration, consecutive to the driving under the influence charge. He was fined $250.
 I
Appellant argues that the court erred in admitting the result of his breath test through expert testimony. Appellant argues that the testimony of Dr. Craig Sutheiner was inadmissible because the evidence did not support the hypothetical as presented to the expert. Appellant argues that there was no evidence of the time of the accident, or of his height and weight. He also argues that the evidence was inadmissible because the expert testifies to breath alcohol content under three difference scenarios.
In a criminal prosecution for violation R.C. 4511.19 (A)(1), the results of a properly administered bodily substances test, presented with expert testimony, may be admitted into evidence despite the fact that bodily substance was withdrawn more than two hours from the time of the alleged violation. Newark v.Lucas, supra, at syllabus two. The results are admissible if expert testimony is presented to relate the test results to the defendant and the time of the alleged violation, as well as to relate the test results to a common understanding of what it means to be under the influence of alcohol. Id., at 105.
The expert was asked to assume the accident occurred around 5:00 to 5:05 p.m. There is evidence in the record to support this assumption. Although the exact time of the crash was never pinpointed, there was testimony that appellant left the drilling rig where he worked at around 4:30 p.m. Tr. 533. There was evidence presented that the point of the accident was approximately a twenty-five to thirty minute drive from the rig. Tr. 538. Further, there was evidence that the police were notified of the crash around 5:50 p.m. From this evidence, an assumption can be drawn for use by the expert that the accident occurred around 5:00.
Evidence as to appellant's height and weight was drawn from his driver's license. Although the figures on a person's driver's license may be inaccurate, a challenge to these numbers goes to the weight of the evidence in the instant case, rather than its admissibility. Appellant was given an opportunity to cross-examine the expert concerning issues such as height and weight.
Appellant's claim that Dr. Sutheiner's use of three scenarios renders the evidence speculative and inadmissible as clearly without merit. The scenarios presented by the expert related to the level of impairment appellant would have had at the job site earlier that day if he consumed alcohol before going to work, at lunch time, or shortly around the time he left work. The doctor ultimately concluded that regardless of the scenarios used, relating the blood-alcohol level at the time of the test back to the approximate time of the accident, based on appellant's height and weight, appellant's alcohol concentration would have been approximately .230 grams of alcohol at the time of the accident. He further testified that at this level of impairment, appellant would have had difficulty sensing distance and speed, delayed action, slowness of speech, alteration of muscular functions, difficulty walking straight, sleepiness, and difficulty with balance.
There was sufficient foundation evidence admitted to support admission of the breath alcohol test into evidence. The issues raised by appellant go to the weight of the evidence, not as admissibility.
The first assignment of error is overruled.
 II
In his brief, appellant argues that his sentence violates double jeopardy because the ALS suspension was not removed at the time of conviction and sentence, as required by State v.Gustafson (1996), 76 Ohio St.3d 425.
As noted by the State in its brief, the ALS suspension was lifted by the court on the date of conviction and sentencing. Therefore, the only issue remaining in the case is whether the continuation of the ALS suspension from the dates of the suppression of the breath results and dismissal of the per se
violation charge prohibited the court from sentencing him on the conviction for driving under the influence of alcohol.
We note that although the parties represent the ALS appeal was heard at the same time as the suppression, a transcript of this hearing was not requested or prepared. Although the court later filed a judgment concerning the suppression motion, the court did not file a judgment overruling or sustaining the appeal of the ALS suspension.
The issue before this court is whether the court was required to vacate the ALS suspension on the day he suppressed the breath alcohol test and dismissed the charge of driving with a prohibited breath alcohol level. R.C. 4511.191 (H)(1) specifies the sole grounds for appeal of an ALS suspension:
 If the person appeals the suspension at the person's initial appearance, the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
 (a) Whether the law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle upon a highway or public or private property used by the public for vehicular travel or parking within this state while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration of alcohol in the blood, breath, or urine and whether the arrested person was in fact placed under arrest;
 (b) Whether the law enforcement officer requested the arrested person to submit to the chemical test designated pursuant to division (A) of this section;
 (c) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test;
(d) Whichever of the following is applicable:
 (i) Whether the arrested person refused to submit to the chemical test requested by the officer;
 (ii) Whether the chemical test results indicate that the arrested person's blood contained a concentration of ten-hundredths of one per cent or more by weight of alcohol, the person's breath contained a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, or the person's urine contained a concentration of fourteen-hundreds of one gram or more by weight of alcohol per one hundred milliliters of the person's urine at the time of the alleged offense.
Appellant must now argue that Subsection (d)(ii) was not complied with in the instant case, because he did not test .10 on a valid breath alcohol test. We disagree with this argument, as the suppression in this case was based on violation of the two-hour limit rule. The Ohio Supreme Court recognized inNewark v. Lucas, supra, that while a breath-test drawn outside the two-hour limit may not be used to support a per se
conviction under R.C. 4511.19 (A)(3), this test possesses enough reliability that it may be admissible in the driving under the influence prosecution as one element to demonstrate impairment, if the requisite expert testimony relates the result back to the time of the accident. Violation of a two-hour time limitation is not as crucial to the accuracy of the results as compliance with Department of Health regulations concerning issues such as calibration, qualification of the operator, and proper maintenance and operation of the testing machine. Therefore, suppression of the test in the instant case in the per se violation did not require its suppression in the driving under the influence charge, and the result was in fact admitted into evidence at trial.
Following suppression and dismissal of the (A)(3) charge, the State notified appellant of its intent to use the test result in the remaining prosecution, causing appellant to file a second motion to suppress. Because it is apparent from the record that the test result was going to be used through the proper admission of expert testimony, as discussed above, we conclude that appellant has not demonstrated that he proved by a preponderance of the evidence, as required by R.C. 4511.191(H)(2), that one of the requirements set forth above was not complied with. As the court was not required by law to terminate the ALS suspension upon suppression of the breath test results in the instant case, the ten-year license suspension to which appellant was sentenced by reason of the instant conviction does not violate double jeopardy.
The second assignment of error is overruled.
The judgment of the Lancaster Municipal Court is affirmed.
By Gwin, P.J., Edwards, J., concurs separately
Hoffman, J., concurs in part; dissents in part.
-----------------------
-----------------------
 ----------------------- JUDGES
[1] Later investigation into the state of appellant's driving privileges revealed that appellant had received occupational privileges, which required that he not drive while intoxicated.